IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR 2 1 2023

CLERK, U.S. DISTRICT COURT
By_____
Deputy

RAYMOND JOHN DANIELS,
TDCJ-CID No. 01616508,

        Plaintiff,

v.

                                  2:20-CV-046-Z-BR

BILLY THOMPSON, *et al.*,

        Defendants

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis. See* ECF No. 6. On May 18, 2021, the Court ordered Plaintiff to complete a Briefing Order Questionnaire. ECF No. 18. Plaintiff submitted his response. ECF No. 19. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff's Complaint together with his questionnaire response, constitute the live pleading before the Court. *See* ECF Nos. 3, 19. Plaintiff alleges that he was denied access to the courts by the TDCJ personnel at the Dalhart Unit. ECF No. 3 at 2. The essence of Plaintiff's claims is that Defendant Byrd failed to provide Plaintiff with an *in forma pauperis* data sheet and appeal transcript request form as ordered by the Court. *Id.* at 2–3. Plaintiff claims that supervisors at the Dalhart Unit failed to take remedial action against Defendant Byrd. *Id.* In response to the Briefing

Order Questionnaire, Plaintiff identified case number 4:18-CV-03179 as the case affected by Defendant Byrd's alleged obstruction of access to the courts. ECF No. 19 at 2. However, a review of the record of those proceedings shows that an *in forma pauperis* data sheet was submitted on October 22, 2019, and a Transcript Order Request was also submitted on that same date. The record in that case reflects that *in forma pauperis* status was denied on appeal because the judge determined the appeal was not taken in good faith. *See Daniels v. Davis, Director TDCJ*, No. 4:18-CV-03179, (S.D. Tex. Dec. 5, 2019) (order denying *IFP*). Further, there is no indication in the record of that case that the delay in obtaining these two documents in any way affected the outcome of the case. *See id.*

## LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records.

ANALYSIS

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). He must identify the nonfrivolous, arguable underlying claim. *Id.*

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Degrate v. Godwin*, 84 F.3d 768, 768–69 (5th Cir. 1996) (emphasis added) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Plaintiff has not established a "relevant actual injury" regarding any civil or criminal action before the courts. *See Lewis*, 518 U.S. at 351; *see also* ECF No. 3. Plaintiff temporary delay in obtaining two critical appeal documents did not result in the dismissal of his

---

*Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

case. Simply put, his case was determined to be not meritorious by the district judge, which resulted in the denial of *in forma pauperis* status and the ultimate dismissal of his appeal. Thus, Plaintiff has failed to state a claim for denial of access to the courts, and his Complaint is **DISMISSED**.

CONCLUSION

The Complaint is **DISMISSED**.

**SO ORDERED.**

March __, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4